**Mohammed Saoib IQBAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70609.**

**Agency No. A76–360–197.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2004.*

Decided Aug. 27, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mohammed Saqib Iqbal, Burbank, CA, pro se.

Justin Pfeiffer, Isais & Pfeiffer, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Aviva Poczter, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, GOODWIN and TASHIMA, Circuit Judges.

## MEMORANDUM**

Mohammed Saoib Iqbal, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeal's ("BIA") streamlined affirmance of the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001), and we grant the petition.

█ Iqbal testified that he was arrested and beaten by Pakistani police on account of his membership in the Pakistan People's Party ("PPP") and his political opinion. The IJ's adverse credibility finding was inappropriately based on a minor discrepancy between a letter and Iqbal's testimony concerning the date on which he joined the PPP, *see Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990), Iqbal's inability to accurately state how many parliamentary seats were necessary to win the presidential election of 1997, *see Singh v. Ashcroft*, 301 F.3d 1109, 1113 (9th Cir. 2002), and Iqbal's failure to mention in his declaration that he was cut with a blade during his first arrest, *see Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

█ The IJ's adverse credibility finding was also impermissibly based on speculation about Iqbal's reasons for joining the PPP, his ability to survive his alleged injuries, whether doctors would have permitted him to refuse stitches, and why he was targeted by the police. *See Gui v. INS*, 280 F.3d 1217, 1228 (9th Cir.2002) (indicat-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing that conjecture is not a substitute for substantial evidence).

Accordingly, we determine that there is not substantial evidence in the record to support a finding that Iqbal's testimony lacked credibility. We grant the petition for review and remand to the BIA for further proceedings to determine whether, viewing Iqbal's testimony as credible, Iqbal has met the criteria for asylum or withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**[1]

1. In light of our decision to grant the petition, we do not reach the constitutional issue of whether petitioner received a fair and impartial hearing.